[817 NYS2d 386]

In the Matter of CHRISTOPHER M. GREEN (Admitted as CHRISTO-
PHER MOLLOY GREEN), an Attorney, Respondent. GRIEVANCE
COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 20, 2006

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for petitioner.

*Michael S. Ross,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated June 2, 2005, containing one charge of professional misconduct. After a prehearing conference and a hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court may deem just and proper. The respondent's counsel has submitted an affidavit in support of the Grievance Committee's motion to confirm the Special Referee's report, and seeks to impose a private reprimand upon the respondent.

Charge One alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), in that he committed an alcohol-related offense.

On August 6, 2004, the respondent was arrested in the Town of Harrison and charged under Harrison Town Court case number LS8734865 with operating a motor vehicle while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2) and (3), an unclassified misdemeanor; failure to signal, in violation of Vehicle and Traffic Law § 1163 (d), a traffic infraction; making an unsafe lane change, in violation of Vehicle and Traffic Law § 1128 (a), a traffic infraction; and unlicensed operation of a vehicle, in violation of Vehicle and Traffic Law § 509 (1), a traffic infraction.

On or about September 3, 2004, the respondent entered a plea of guilty in the local criminal court, Town of Harrison, to operating a motor vehicle while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor, in satisfaction of those charges. On October 27, 2004, a fine of $500 and a surcharge of $190 were imposed.

The respondent knew or should have known that in committing the aforesaid alcohol-related offense, which formed the basis for his guilty plea and the sentence imposed, he was engag-

ing in conduct that adversely reflected on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based on the uncontroverted evidence, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent that he has fully admitted his mistake, has never sought to minimize his misconduct in any way, has taken steps to change his lifestyle, has the willpower and resolve to never again drink and drive, is extremely contrite, enjoys an excellent reputation in his firm and the community, and is committed to his family and the interest of pro bono clients. The Grievance Committee notes that the respondent has never been disciplined for professional misconduct.

Under the totality of circumstances, the respondent is publicly censured for his misconduct.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and FISHER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.